Mr. Richard A. Weiss, Director Department of Finance and Administration 1509 W/7th Street, Suite 401 P.O. Box 3278 Little Rock, AR 72203-3278
Dear Mr. Weiss:
You have requested my opinion concerning the position of coordinator of a drug task force created under the federal Anti-Drug Abuse Act of 1986. It is my understanding that this task force was created by interlocal agreement among several local jurisdictions, pursuant to federal law.
The task force is funded by federal grant money and state matching funds pursuant to federal law. The Department of Finance and Administration, Office of Intergovernmental Services, administers these funds. The task force is interviewing applicants for the position of drug task force coordinator, and a current state legislator has applied for the position. The legislator is also seeking re-election.
In light of these facts, you have presented the following questions:
 (1) Would the position of drug task force coordinator be state employment prohibited by A.C.A. § 21-1-402?
 (2) Would the employment of a state legislator in a position financed by federal funds be a violation of the federal Hatch Act?
RESPONSE
Question 1 — Would the position of drug task force coordinator be stateemployment prohibited by A.C.A. § 21-1-402?
I have recently issued Opinion No. 2004-160, in which I opined that it would not constitute a violation of A.C.A. § 21-1-402 for a sitting legislator to serve in the position of drug task force coordinator.[1]
I have attached a copy of that opinion for your review. My conclusion was based upon my view that the drug task forces that are created under the authority of the federal Anti-Drug Abuse Act of 1986 are not "state agencies," within the meaning of A.C.A. § 21-1-402, as explained fully in that opinion.
Question 2 — Would the employment of a state legislator in a positionfinanced by federal funds be a violation of the federal Hatch Act?
It is my opinion that the employment of a state legislator in a position financed by federal funds would not constitute a violation of the federal Hatch Act. However, if the legislator is chosen for the position, the Hatch Act may prohibit him from running for re-election to the legislature. I also addressed this issue in Opinion No. 2004-160, a copy of which is attached.
As discussed in that opinion, the Hatch Act, which is codified at 5 U.S.C. §§ 1501- to 1508, provides in pertinent part as follows:
 A state or local officer or employee may not —
* * *
(3) Be a candidate for elective office.
5 U.S.C. § 1502(a)(3) (emphasis added).
The Act defines a "state or local officer or employee" as follows:
 "State or local officer or employee" means an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency[.]
5 U.S.C. § 1501(4).
The Act defines "state or local agency" as follows:
 "State or local agency" means the executive branch of a State, municipality, or other political subdivision of a State, or an agency or department thereof[.]
5 U.S.C. § 1501(2)
These provisions do not operate to prohibit an elected official from completing his term in office after taking employment with an entity that is subject to the Hatch Act. See U.S. Office of Special Counsel, Stateand Local Hatch Act Advisory: Elected Official Who Becomes a StateEmployee (March 10, 1998) (Elected official who became state employee not required to leave office before completion of term). However, these provisions do prohibit persons who have taken such employment from being candidates for elective office. The fact that the legislator you have described is running for re-election therefore implicates the Hatch Act.
I declined in Opinion No. 2004-160 to reach a definitive conclusion as to whether the coordinator of a drug task force created under the authority of the federal Anti-Drug Abuse Act of 1986 would be covered by the Hatch Act. The determination would turn on whether the task force would be deemed to constitute a "state or local agency," as defined in the Act. I noted in that opinion that the task force appears to constitute a type of local agency, having been created by interlocal agreement among local jurisdictions. The fact that it also receives federal funding would seem to bring it within the purview of the Hatch Act. However, as explained in Opinion No. 2004-160, I must decline to make that definitive determination, because no guidance is available in the case law or in administrative advisory opinions. The determination is one that must be made by the authorized federal regulatory authorities. I recommend that you consult with these federal authorities for more definitive guidance on this issue. The appropriate office to contact is the Office of Special Counsel, 1730 M Street NW., Suite 300, Washington, D.C. 20036 or 1-800-854-2824. In addition, helpful information is available at the website for the U.S. Office of Special Counsel: www.osc.gov.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/SA:cyh
Enclosure
[1] It is my understanding that the request for Opinion No. 2004-160
arose out of the same situation that has given rise to your question. That request referred to the position in question as "director," whereas you have referred to it as "coordinator." I will assume that the two terms can be used interchangeably to refer to the same position.